ELIZABETH HATCHER, executrix, plaintiff in error, *vs.* A. GAMMELL & COMPANY, defendants in error.

An entry by a sheriff on an execution as follows: "Received this *fi. fa.* of L. T. Downing for collection, August 15, 1869," signed by the sheriff; is a sufficient "entry" by an officer authorized to execute and return the *fi. fa.* to prevent the dormancy of the judgment.

Dormant judgment.   Execution.   Entry.   Before Judge JAMES JOHNSON.   Muscogee Superior Court.   May Term, 1873.

Judgment was rendered in favor of plaintiff against defendants in the Inferior Court of Muscogee county, at the September term thereof, 1862, to-wit: on the 3d day of September, 1862, for $350 00, principal, besides interest and cost.   Execution was issued thereon on the 16th day of the same month, which went into the hands of James G. Cook, sheriff of said county, who, on the 20th day of November, 1862, entered on said *fi. fa.* his receipt to the defendant, A.

Hatcher *vs.* Gammell & Company.

Gammell, for $14 25, the cost thereof. On the 28th day of said November, an entry was made on said *fi. fa.* by the clerk, A. P. Jones, acknowledging the receipt, from sheriff Cook, of $7 45, his cost in said case. Afterwards, L. T. Downing, attorney for plaintiff, delivered said *fi. fa.* to J. J. Bradford, the deputy of John R. Ivey, who was then the sheriff of said county; and, thereupon, said Bradford made the following entry on the same:

"Received this *fi. fa.* of L. T. Downing for collection.
                    "JOHN R. IVEY, sheriff.
                "Per J. J. BRADFORD, deputy sheriff.
"August 16, 1869."

On November 4th, 1872, said Bradford, who had then become sheriff of said county, entered on said *fi. fa.* sundry levies on the property of the defendants therein, and, thereupon, said Gammell interposed his affidavit, alleging, amongst other things, that said *fi. fa.* was proceeding illegally in this, because the execution was issued from Muscogee Inferior Court on the 16th day of September, 1862, the levy dated the 4th of November, 1872; and no return was made on the execution for seven years prior to the levy. The execution and affidavit were returned by the sheriff to the Superior Court of said county. Upon the hearing of the illegality, the execution and the entries thereon were submitted in evidence, and the Court held the judgment on which said execution issued, dormant.

To this ruling of the Court, exception was taken, and error assigned thereon.

L. T. DOWNING, for plaintiff in error.

PEABODY & BRANNON, for defendants.

McCAY, Judge.

The Code, (Irwin's) section 2863, makes a judgment dormant if no "entry" be made upon it by an officer authorized to execute and return it for seven years. There is an entry

here by the sheriff, who is such an officer. Is it such an entry as is contemplated by the statute? We think it is. What is it? A statement, signed by the sheriff and dated, that the execution is placed in his hands with orders to make the money. Section 397 of the Code makes it the duty of the sheriff to keep a docket of executions placed in his hands, the *date of their delivery*, and his actings and doings thereon, and have the same ready for use in any Court of the county. An entry of the date of the receipt of a *fi. fa.* is, therefore, proper matter for a return. It charges the sheriff; it is an official act. If transferred upon his book, it is notice to all that the plaintiff claims his execution to be a subsisting one: See *Battle vs. Shivers*, 39 *Georgia*, 415. It is not necessary that the entry shall be of some action on the *fi. fa.* It may be of some new action—anything that is properly a part of a return—everything that may charge or discharge him. Anything that, transferred upon the docket, will show the execution to be a living, acting thing.

Judgment reversed.